IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO.  3:17-CR-388-M |
| v. | |
| DARIUS FIELDS (01) | |

# GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR THE APPLICATION OF A HIGHER STANDARD OF PROOF

The United States of America ("the government") respectfully responds to Darius Fields' motion for the Court to apply a higher standard of proof concerning sentencing facts.  (*See* Dkt. 218.)  Here, Fields, citing *United States v. Hymas*, 780 F.3d 1285 (9th Cir. 2015), and *United States v. Valencia*, 222 F.3d 1173 (9th Cir. 2000) (establishing the "*Valencia* factors"), *vacated and remanded on other grounds*, 532 U.S. 901 (2001), argues that the Court should apply the "clear and convincing evidence" standard of proof, instead of the traditional "preponderance of the evidence" standard, toward finding facts that justify a significant upward sentencing variance or departure.   The government disagrees.

## Argument

**1. Fifth Circuit case law provides that sentencing facts—even if they result in a *significant* variance or departure—need only be found by a preponderance of the evidence.**

Under the advisory Guidelines regime, the Fifth Circuit provides that a sentencing judge may find all facts relevant to sentencing under the standard of preponderance of the evidence.  *United States v. Hebert*, 813 F.3d 551, 564 (5th Cir.

Government's Response—Page 1

2015); *see also United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) ("The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence."); *United States v. Partida*, 385 F.3d 546, 564-66 (5th Cir. 2004) (no error in sentencing court's failure to apply "clear and convincing evidence" standard).

Accordingly, because "the Fifth Circuit has *never* required such a heightened burden," the preponderance of the evidence standard should apply to sentencing facts. *United States v. Brooks*, 681 F.3d 678, 713 (5th Cir. 2012) (emphasis added). In fact, in *Brooks*, the Fifth Circuit noted that "nearly all of our fellow circuits have rejected the need to apply a heightened standard in light of the advisory nature of the Guidelines." *Id*.

In *Hebert*, for example, the defendant was convicted for offenses involving bank fraud, and the district court—following a four-day hearing where it found that he had committed an unadjudicated murder—*significantly* varied upwardly from the advisory Guidelines (initially recommending six to seven years' imprisonment) and imposed an imprisonment term of 92 years, which was within the statutory maximum of 153 years. 813 F.3d at 562.  Hence, the sentencing court imposed an imprisonment term that was 13 to 15-fold greater than the term recommended by the advisory Guidelines, and the Fifth Circuit affirmed the sentence, holding (1) that the preponderance of the evidence supported the court's finding that he committed the murder, and (2) that the court's significant upward variance was substantively reasonable under the Section 3553(a) factors. *Id*. at 560, 561-62.

Here, the Court may consider Fields' drug trafficking and related crimes and, importantly, his ordering an innocent child's kidnapping that resulted in her murder, in fashioning an appropriate sentence under Section 3553(a) because the preponderance of the evidence establishes these facts.  *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

> **2.   Alternatively, the facts reflect—by clear and convincing evidence—that Fields is a violent, armed drug trafficker responsible for the kidnapping and murder an innocent 13-year-old girl over stolen marijuana in June 2017, and that he participated in another drug-related murder in October 2015.**

Alternatively, the government has shown by clear and convincing evidence that Fields is a violent, armed drug-trafficker, who ordered the kidnapping of an innocent 13-year-old girl—that resulted in her murder—over approximately $100,000 worth of marijuana stolen from him on June 26, 2017, and that he also participated in another drug-related murder on October 9, 2015.  The government established these facts by substantial specific evidence, which consists, by way of example, of a corroborated confession made to another inmate, corroborated statements of accomplices and witnesses, telephone records, text messages, photographs, motel records, motel surveillance video, arcade video, and airline records.

## Conclusion

The preponderance of the evidence establishes facts that justify a significant upward sentencing variance or departure in this case and, alternatively, these same facts have been established by clear and convincing evidence.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

*s/Gary C. Tromblay*
Gary C. Tromblay
Assistant United States Attorney
Louisiana Bar Roll No. 22665
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214-659-8600
Facsimile: 214-659-8805
Email: gary.tromblay@usdoj.gov

*s/Camille Sparks*
Camille Sparks
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on **April 25, 2019**, I electronically filed the above and foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court. The Court's filing system notified opposing counsel.

*s/Gary C. Tromblay*
Gary C. Tromblay
Assistant United States Attorney